**ZHI GANG WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74597.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2005.*

Filed Jan. 11, 2006.

Albert C. Lum, Esq., Law Offices of Albert C. Lum, Pasadena, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Jocelyn Lopez Wright, Michelle E. Gorden, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

### MEMORANDUM **

To establish his eligibility for battered spouse relief, Wang must show, *inter alia,* that he has been "battered or subjected to extreme cruelty." 8 U.S.C. § 1229b(b)(2)(A)(i). "[T]he phrase 'was battered by or was the subject of extreme cruelty' includes ... being the victim of any act or threatened act of violence ... which results or threatens to result in physical or mental injury." 8 C.F.R. § 204.2(c)(1)(vi).

 Substantial evidence supports the Immigration Judge's (IJ) determination that Wang was not "battered" by his wife. On one occasion, Wang's wife hit him on the head, breaking his glasses. But there is no evidence that this act "result[ed] or threaten[ed] to result in physical or mental injury" such that would compel us to reverse the IJ. *Id.*

Substantial evidence also supports the IJ's finding that the mistreatment Wang suffered was not "extreme cruelty." "Because every insult or unhealthy interaction in a relationship does not rise to the level of domestic violence, Congress required a showing of extreme cruelty ... rather than mere unkindness." *Hernandez v. Ashcroft,* 345 F.3d 824, 840 (9th Cir.2003) (citation omitted). Wang's wife verbally abused him, made him sleep on the couch, controlled his paychecks, screened his correspondence with China, and deprived him of the "good parts" of food he purchased for the family table. However, taken as a whole, the evidence of mistreatment does not compel a reason-

able fact-finder to conclude that Wang was subjected to extreme cruelty.

### PETITION DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.